IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OMAR HERNANDEZ GUICHARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CAUSE NO. EP-26-CV-1093-KC |
| | § | |
| PAMELA BONDI et al., | § | |
| | § | |
| Respondents. | § | |

**ORDER**

On this day, the Court considered Omar Hernandez Guichard's Petition for a Writ of Habeas Corpus, ECF No. 3. Hernandez Guichard is held in immigration detention at the El Paso Service Processing Center in El Paso, Texas. *Id.* ¶ 1. He argues that his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* ¶¶ 20–26, *id.* at 8.

Hernandez Guichard is a citizen of Cuba who was ordered removed from the United States in July 1995. *Id.* ¶ 6. However, Hernandez Guichard was not removed and appears to have lived in the country at liberty since that time. *See id.* On July 14, 2025, Hernandez Guichard was taken into immigration custody. *Id.* According to Hernandez Guichard, "Respondents are unable to remove [him] to Cuba, because there is no repatriation agreement between the United States and Cuba." *Id.* ¶ 21.

The Court found that "[i]f these allegations are true, Hernandez Guichard likely meets his burden of providing 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Apr. 16, 2026, Order 3, ECF No. 2 (citing *Zadvydas v. Davis*, 533 U.S. 678, 689–90 (2001)). Respondents had to "rebut this showing by either demonstrating that Hernandez Guichard's removal is likely in the reasonably foreseeable future

or deporting him." *Id.* Specifically, the Court ordered Respondents to detail (1) the concrete steps taken to effectuate Hernandez Guichard's removal, (2) the obstacles preventing his removal, (3) the concrete steps taken to address those obstacles, and (4) the anticipated timeline for his removal. *See id.*

Respondents have now filed a Response, ECF No. 5, and in support, the Declaration of Supervisory Detention and Deportation Officer Veronica Molina ("Molina Decl."), ECF No. 5-1. According to Molina, on August 6, 2025, Hernandez Guichard was referred for removal to Mexico through the Cuba Venezuela Nicaragua Haiti ("CVNH") program. Molina Decl. 1. Respondents thus attempted to remove Hernandez Guichard to Mexico twice in September; however, Hernandez Guichard did not consent to be removed to Mexico both times. *Id.* On October 1, Enforcement and Removal Operation ("ERO") submitted a request to International Operations Division ("IOD") Cuba for Hernandez Guichard's repatriation to Cuba. *Id.* On November 3, Hernandez Guichard was approved for "land border removal [to Mexico]" in Florence, Arizona, and again, refused to give his consent. *Id.* at 2. He subsequently expressed a fear of being removed to Mexico, which United States Citizenship and Immigration Services found to be unreasonable. *Id.* Since November, no further efforts have been made to remove Hernandez Guichard to Mexico. *See generally id.* And the Court takes judicial notice, on the basis of Respondents' representations in other habeas proceedings in this Court, that they cannot remove Hernandez Guichard to Mexico under the CVNH program without his consent.

"On January 30, 2026, IOD Cuba declined to accept [Hernandez Guichard] for repatriation back to Cuba." *Id.* at 2. And informed ERO El Paso of this denial on April 13. *Id.* El Paso ERO has interviewed Hernandez Guichard for "nexus or ties to any country outside the United States, that can assist with [third] country removal." *Id.* And has reached out to

2

Headquarters-Removal Operations for assistance with third country removal.  *Id.*  However, "[t]he anticipated timeline to remove [Hernandez Guichard] is currently unknown."  *Id.*

In sum, Hernandez Guichard cannot be removed to Cuba and has not consented to and thus cannot be removed to Mexico.  Nor have Respondents identified a third country for removal, let alone taken any concrete steps to obtain travel documents from that country on Hernandez Guichard's behalf.  *See generally* Resp.; Molina Decl.  Hernandez Guichard has now been detained for over nine months.  For over five months Respondents have known that Hernandez Guichard would not consent to be removed to Mexico and stopped making any such attempts to remove him there.  *See generally* Molina Decl.  And they have known for nearly three months that Cuba officially declined to accept him for repatriation.  *See id.* at 2.

Although Respondents interviewed Hernandez Guichard to identify ties to other countries, they do not indicate that any such ties were identified.  *See id.*  And while they state that Headquarters-Removal Operations is assisting with third country removal, they do not describe even one particular action taken to identify a third country in the months since they have known that Hernandez Guichard cannot be removed to Cuba or Mexico.  *See id.*  Lastly, Respondents offer no timeline for identification of a third country, much less a timeline for Hernandez Guichard's removal.  *See id.*  Thus, Respondents have failed to carry their burden of proving that Hernandez Guichard's removal is significantly likely in the reasonably foreseeable future.  *See Zadvydas*, 533 U.S. at 689–90; *see, e.g.*, *Trejo v. Warden of ERO El Paso East Montana*, --- F. Supp. 3d ----, 2025 WL 2992187, at *5–6 (W.D. Tex. Oct. 24, 2025).

Accordingly, the Petition is **GRANTED IN PART**.  *See id.*  The Court **ORDERS** that Respondents shall **RELEASE** Hernandez Guichard from custody, under reasonable conditions of supervision, **by no later than May 4, 2026**.

3

 **IT IS FURTHER ORDERED** that, <u>**on or before May 4, 2026**</u>, Respondents shall **FILE** notice informing the Court whether Hernandez Guichard has been released from custody in compliance with this Order.

 <u>**Barring exceptional circumstances, there will be no extensions of the May 4, 2026, deadlines.**</u>

 **SO ORDERED**.

 **SIGNED this 27th day of April, 2026.**

_____

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE